**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY CRASS, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>YALLA GROUP LIMITED and TAO YANG,<br><br>        Defendants. | Case No.: 1:21-cv-06854-PE<br><br>Hon. Paul Engelmayer |

**MEMORANDUM OF LAW IN SUPPORT OF STEVE HU AND YECHEN DONG'S**
**MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND**
<u>**APPROVAL OF SELECTION OF COUNSEL**</u>

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ........................................................................................ 2

II.   PROCEDURAL HISTORY ....................................................................................... 3

III.  ARGUMENT ............................................................................................................ 3

    A.   Appointing Movants as Co-Lead Plaintiffs Is Appropriate ............................................ 3

        1.   Movants Filed a Timely Motion. ...................................................................... 5

        2.   Movants Have the Largest Financial Interest in the Relief Sought. ............................ 5

        3.   Movants Satisfy the Relevant Requirements of Rule 23. ...................................... 6

            a.   Movants' Claims Are Typical. ................................................................ 7

            b.   Movants Are Adequate Representatives. .................................................... 7

    B.   Approving Movants' Choice of Counsel Is Appropriate. ............................................. 8

IV.   CONCLUSION ........................................................................................................ 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
   324 F. Supp. 3d 335 (E.D.N.Y. 2018) ............................................................................. 4, 6

*In re Cendant Corp.*,
   264 F.3d 201 (3d Cir. 2001)......................................................................................... 8

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
   269 F.R.D. 291 (S.D.N.Y. 2010) ................................................................................... 7

*Deinnocentis v. Dropbox, Inc.,*
   2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)............................................. 9

*Ford v. VOXX Int'l Corp.*,
   No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)............... 6

*In re Gentiva Sec. Litig.,*
   281 F.R.D. 108 (E.D.N.Y. 2012) ................................................................................. 6

*In re Hebron Tech. Co. Sec. Litig.,*
   C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020) .......... 5

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
   No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................. 7

*Nickerson v. American Electric Power Company, Inc., et al.,*
   No. 2:20-cv-04243-SDM-EPD, (S.D. Ohio Nov. 24, 2020) ....................................... 9

*Snyder v. Baozun Inc.,*
   2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020) ......................................... 9

*Subramanian v. Watford, et. al.*,
   2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021)........................................... 8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 7

*White Pine Invs. v. CVR Ref.,*
   2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021)............................................... 9

**Statutes**

15 U.S.C. § 78u-4 ..................................................................................................... *passim*

**Rules**

FED. R. CIV. P. 23 ............................................................................................................. *passim*

Steve Hu and Yechen Dong ("Movants") respectfully submit this memorandum of law in support of their motion ("Motion") to appoint them as co-lead plaintiffs and approve their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of Plaintiff and all other persons or entities, except for Defendants, who purchased or otherwise acquired Yalla Group Limited ("Yalla" or the "Company") American Depository Shares ("ADSs") from September 30, 2020 and August 9, 2021, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5, against Defendants Yalla and Tao Yang ("Yang") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movants believe that they are the "most adequate" movants, as defined by the PSLRA, and should be appointed co-lead plaintiffs based on the substantial financial losses they suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims, and they will fairly and adequately represent the interests of the Class. In addition, Movants' selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial

experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

Yalla operates mainly in the Middle East and Northern Africa ("MENA") region as a voice-centric social networking and entertainment platform. ¶ 3.

On or about September 29, 2020, Yalla held its U.S. initial public offering ("IPO"). ¶ 4. The IPO consisted of an offering of 18.6 million ADS, each representing one Class A ordinary share, at $7.50 per ADS. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business and financial metrics. ¶ 5. Specifically, Defendants made false and/or misleading statements regarding, and/or failed to disclose that the Company overstated its user metrics and revenue and, as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

Swan Street Research ("Swan Street") published a report (the "Swan Street Report") on May 19, 2021 addressing Yalla, entitled "Is Yalla Group a Multi $B Fraud? The 'Clubhouse of the Middle East' UAE Tech Unicorn that Never Was." ¶ 6. The Swan Street Report alleged, among other things, that the Company has been inflating its financial metrics, including its user data and its revenue, and characterized Yalla's financial statements as "not credible." *Id.*

In response to this news, the price of Yalla ADS declined 7.15%, or $1.31 per share, to close on May 19, 2021 at $17.01 per ADS. ¶ 7.

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Crass* Complaint") filed in the action styled *Crass v. Yalla Group Limited., et. al.,* Case No. 1:21-cv-06854-PE (the "*Crass* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Crass* Complaint. The facts set forth in the *Crass* Complaint are incorporated herein by reference.

The next day on May 20, 2021, analyst The Bear Cave issued a report entitled, "Problems at Yalla Group," and Gotham City Research also tweeted that it was shorting Yalla ADS. ¶ 8.

As this news hit the market, the price of Yalla ADS fell an additional 6% on May 20 to close at $15.96. ¶ 9.

Then, after the markets closed on August 9, 2021, Yalla issued a press release entitled, "Yalla Group Limited Announces Unaudited Second Quarter 2021 Financial Results," announcing its financial results for the second quarter of 2021 ("2Q21 Results"). ¶ 10. The 2Q21 Results revealed that Yalla had quarterly revenue of $66.62 million, which did not meet analysts' expectations. ¶ 11.

In response to this disclosure, the price of Yalla ADS plummeted nearly 18.9% on August 10, 2021, closing at $10.99, down from its previous close price of $13.55. ¶ 12.

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Crass* Action against the Defendants. Plaintiff Jeffrey Crass ("Crass") commenced the first-filed action on August 13, 2021. On that same day, counsel acting on Crass' behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Movants' Motion ("Hopkins Decl.").

## III.   ARGUMENT

### A.   Appointing Movants as Co-Lead Plaintiffs Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the

3

Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA

provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most

capable of adequately representing the interests of the Class — is the class member or group of

class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff

class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy the forgoing criteria and have complied with all of the

PSLRA's requirements to be appointed co-lead plaintiffs. Movants have, to the best of their

knowledge, the largest financial interest in this litigation—having collectively lost $211,084.75 as

a result of their transactions and meet the relevant requirements of Federal Rule of Civil Procedure

23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Movants are not aware of any unique

defenses that Defendants could raise against them that would render them inadequate to represent

the Class. Accordingly, Movants respectfully submit that they should be appointed as co-lead

plaintiffs. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

4

### 1.    Movants Filed a Timely Motion.

On August 13, 2021, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for *Crass* published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Yalla ADSs that they had 60 days from the publication of the August 13, 2021 notice to file a motion to be appointed as lead plaintiff. *See* Hopkins Decl., Ex. C; *In re Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at \*6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

Movants timely filed their motion within the 60-day period following publication of the August 13, 2021 Press Release and submitted herewith sworn certifications attaching their transactions in Yalla ADSs and attesting that they are willing to serve as representatives of the Class. *See* PSLRA Certifications, Ex. A to Hopkins Decl. By making a timely motion in response to a PSLRA notice, Movants satisfy the first PSLRA requirement to be appointed as co-lead plaintiffs. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Movants Have the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, are presumed to be the "most adequate plaintiffs."

Movants acquired Yalla ADSs at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and were injured thereby. As a result of

Defendants' false statements, Movants suffered an approximate loss of $211,084.75. *See* Hopkins Decl., Ex. B. Movants are unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movants believe that they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest financial interest—and should be appointed as co-lead plaintiffs for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.    Movants Satisfy the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movants need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at *6.

6

### a.      Movants' Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning Yalla's business and financial metrics violated the federal securities laws. Movants, like all members of the Class, purchased or otherwise acquired Yalla ADSs during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b.      Movants Are Adequate Representatives.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movants have demonstrated their adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movants' financial losses ensure that they have sufficient incentive to ensure the vigorous advocacy of the Action. *See* Hopkins Decl., Ex.

7

B. Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class.

Moreover, Movants have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as a co-lead plaintiffs, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. *See* Joint Declaration, Ex. D. to Hopkins Decl. Therefore, Movants will prosecute the Action vigorously on behalf of the Class. Accordingly, Movants meet the adequacy requirement of Rule 23.

### B. Approving Movants' Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movants have selected Levi & Korsinsky to pursue this litigation on their behalf and have retained the firm as the Class' Lead Counsel in the event they are appointed as co-lead plaintiffs. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Hopkins Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed

litigation.");  *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations"; *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order: (1) appointing Movants as Co-Lead Plaintiffs, (2) approving their selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: October 12, 2021                             Respectfully Submitted,

                                                    **LEVI & KORSINSKY, LLP**

                                                    By: */s/ Shannon L. Hopkins*
                                                    Shannon L. Hopkins (SH-1887)
                                                    55 Broadway, 10th Floor
                                                    New York, NY 10006
                                                    Tel: (212) 363-7500
                                                    Fax: (212) 363-7171

9

Email: shopkins@zlk.com

*Lead Counsel for Steve Hu and Yechen Dong, and [Proposed] Lead Counsel for the Class*