**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY CRASS, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>YALLA GROUP LIMITED and TAO YANG,<br><br>     Defendants. | CASE No.: 1:21-cv-06854-PAE<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GANG WANG TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |

Plaintiff Gang Wang ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the publicly traded American Depository Shares ("ADSs") of Yalla Group Limited ("Yalla" or the "Company") between September 30, 2020 and August 9, 2021, both dates inclusive (the "Class Period"); and

1

(b)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On August 13, 2021, this case was filed against Yalla and Tao Yang. That same day, an early notice pursuant to the PSLRA advising class members of, inter alia, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff was issued. *See* Ex. 1 hereto.

Yalla is a voice-centric social networking and entertainment platform which mainly operates in the Middle East and Northern Africa ("MENA") region. The complaint alleges that during the Class Period Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that the Company overstated its user metrics and revenue and, as a result, the Company's public statements were materially false and misleading at all relevant times.

Then, on May 19, 2021, Swan Street published a report regarding Yalla entitled "Is Yalla Group a Multi $B Fraud? The 'Clubhouse of the Middle East' UAE Tech Unicorn that Never Was." The Swan Street report alleged, among other things, that the Company has been inflating its financial metrics, including its user data and its revenue, and characterized Yalla's financial statements as "not credible." On this news, Yalla ADSs fell $1.31 per ADS, or 7%, to close at $17.01 per ADS on May 19, 2021, damaging investors. That same day, Yalla issued a press release "firmly den[ying] any allegation or claim suggesting that the Company did not provide true and accurate public disclosure about its business and financial performance."

Then, on May 20, 2021, The Bear Cave issued a report regarding Yalla entitled "Problems at Yalla Group[.]" On this news, Yalla ADSs fell an additional 6% to close at $15.96 on May 20, 2021, further damaging investors.

Finally, on August 9, 2021, after the markets closed, Yalla issued a press release entitled, "Yalla Group Limited Announces Unaudited Second Quarter 2021 Financial Results," announcing its financial results for the second quarter of 2021 ("2Q21 Results"). The Company held its Second Quarter 2021 Earnings Conference Call with investors and analysts the same night. The 2Q21 Results disclosed that Yalla had quarterly revenue of $66.62 million, which did not meet analysts' expectations. According to *The Motley Fool*, "[h]eading into Q2, Wall Street had forecast $0.17 per share in profit on sales of $68 million for Yalla. As it turned out, the company earned only $0.10 per share, and sales were $66.6 million."

On this news, Yalla ADSs fell nearly 18% to close at $10.99 on August 10, 2021, further damaging investors.

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movants satisfy all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Movant lost approximately $109,801 in connection with purchases of Yalla ADSs. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Yalla ADSs during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiffs' claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and

plaintiffs' claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading and failing to disclose material statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Yalla ADSs and is therefore, extremely motivated to pursue claims in this action.

### D.  Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff.

Movant has 25 years of investing experience and holds a Bachelor of Arts degree. He is the founder and CEO of a consulting firm.

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against her that would render Movant inadequate to represent the Class.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law Lead Counsel. The firm has been actively researching Movant's and the Class's claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the country. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: October 12, 2021                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 12, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>