**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY CRASS, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:21-cv-06854-PAE |
| Plaintiff, | |
| v. | |
| YALLA GROUP LIMITED and TAO YANG, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF SIMON ZHU'S MOTION FOR**
**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Simon Zhu ("Zhu") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) appointing Zhu as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Zhu's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.  PRELIMINARY STATEMENT

This is a class action on behalf of all persons and entities other than Defendants that purchased or otherwise acquired Yalla Group Limited ("Yalla") American Depository Shares ("ADSs" or "shares") between September 30, 2020 and August 9, 2021, inclusive (the "Class Period")

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff, and provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is the most adequate plaintiff.

Zhu believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Zhu satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Zhu respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

1

Additionally, Zhu's selection of Glancy Prongay & Murray LLP as lead counsel for the Class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND[1]

Yalla runs a voice-centric social networking and entertainment platform that operates mainly in the Middle East and Northern Africa ("MENA") region.

On September 29, 2020, Yalla held its U.S. initial public offering ("IPO"). The IPO consisted of an offering of 18.6 million ADS, each representing one Class A ordinary share, at $7.50 per ADS.

On May 19, 2021, Swan Street Research ("Swan Street") published a report (the "Swan Street Report") entitled "Is Yalla Group a Multi $B Fraud? The 'Clubhouse of the Middle East' UAE Tech Unicorn that Never Was." The Swan Street Report alleged, among other things, that the Company has been inflating its financial metrics, including its user data and its revenue, and characterized Yalla's financial statements as "not credible." On this news, the price of Yalla ADS fell $1.31 per share, or 7.15%, to close at $17.01 per ADS on May 19, 2021.

The next day, May 20, 2021, analyst The Bear Cave issued a report entitled, "Problems at Yalla Group," and Gotham City Research also tweeted that it was shorting Yalla ADS. On this news, the price of Yalla ADS fell an additional 6% on May 20 to close at $15.96.

Then, on August 9, 2021, after the markets closed, Yalla issued a press release entitled, "Yalla Group Limited Announces Unaudited Second Quarter 2021 Financial Results," announcing its financial results for the second quarter of 2021 ("2Q21 Results"). The 2Q21 Results disclosed that Yalla had quarterly revenue of $66.62 million, which did not meet analysts' expectations. On

---

[1] This section is adapted from the complaint in the above-captioned action. *See* Dkt. No. 1.

this news, the price of Yalla ADS fell nearly 18.9% on August 10, 2021, closing at $10.99, down from its previous close price of $13.55 per share.

The complaint in this action alleges that throughout the Class Period, the defendants overstated the Company's user metrics and revenue. As a result of the defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, members of the class have suffered significant losses and damages.

## III. ARGUMENT

### A. Zhu Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Zhu satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Zhu has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Zhu is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Zhu respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Zhu Filed a Timely Motion

Zhu has made a timely motion in response to a PSLRA notice. On August 13, 2021, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh in Support of Simon Zhu's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linkh Decl."), Ex. A. Therefore, Zhu had sixty days (*i.e.*, until October 12, 2021) to file a motion to be appointed as lead plaintiff. As a purchaser of Yalla securities during the Class Period, Zhu is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Zhu attests that he has reviewed the complaint and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Zhu satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Zhu Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Zhu believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

As a result of the revelations described above, Zhu suffered substantial financial losses *See* Linkh Decl., Ex. C. To the best of his knowledge, Zhu is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Zhu believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Zhu Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin.*

*Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a) Zhu's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Zhu's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, Zhu alleges that Defendants' material misstatements and omissions concerning Yalla's business, operations, and financial prospects violated the federal securities laws. Zhu, like all members of the Class, purchased Yalla securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Zhu's interests and claims are "typical" of the interests and claims of the Class.

### b) Zhu Is An Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Zhu has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Zhu is not aware

of any conflict between his claims and those asserted on behalf of the Class. As such, Zhu is well-equipped to represent the class.

**B.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Zhu has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the Class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the Class will receive the highest caliber of legal representation.

**IV.      CONCLUSION**

For the foregoing reasons, Simon Zhu respectfully requests that the Court grant his Motion and enter an Order (1) appointing Zhu as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: October 12, 2021          **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Simon Zhu and Proposed Lead
Counsel for the Class*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On October 12, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 12, 2021, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh