UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

JEFFREY CRASS, Individually and on Behalf :   Civil Action No. 1:21-cv-06854-PAE
of All Others Similarly Situated,   :
        :   CLASS ACTION
        Plaintiff,   :
        :   MEMORANDUM OF LAW IN SUPPORT
        :   OF MOTION FOR APPOINTMENT AS
    vs.   :   LEAD PLAINTIFF AND APPROVAL OF
        :   LEAD PLAINTIFF'S SELECTION OF
YALLA GROUP LIMITED and TAO YANG :   LEAD COUNSEL
        :
        Defendants.   :
        :

———————————————————————— x

4829-9728-7934.v1

## I.    INTRODUCTION

This Action is brought on behalf of purchasers and acquirers of Yalla Group Limited ("Yalla" or the "Company") American Depositary Shares ("ADS") between September 30, 2020 and August 9, 2021, inclusive (the "Class Period"), against the Company and its Chief Executive Officer Tao Yang for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act").  In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Scott A. Monett should be appointed lead plaintiff because he filed a timely motion, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Monett's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Yalla is a holding company under the laws of the Cayman Islands and is headquartered in the United Arab Emirates.  Yalla is a voice-centric social networking and entertainment platform that operates mainly in the Middle East and Northern Africa region.

The complaint alleges that throughout the Class Period, defendants made false and/or misleading statements regarding its user metrics and revenue.

On May 19, 2021, Swan Street Research published a report (the "Swan Street Report") entitled, "Is Yalla Group a Multi $B Fraud?  The 'Clubhouse of the Middle East' UAE Tech Unicorn that Never Was."  The Swan Street Report alleged, among other things, that the Company has been

- 1 -

inflating its financial metrics, including its user data and its revenue, and characterized Yalla's financial statements as "not credible." ECF No. 1 at ¶42. On this news, the price of Yalla ADS fell more than 7% to close at $17.01 per ADS on May 19, 2021.

That same day, Yalla issued a press release entitled, "Yalla Group Limited Responds to Short Attack Reports" and denied "any allegation or claim suggesting that the Company did not provide true and accurate public disclosure about its business and financial performance." *Id.* at ¶45.

On May 20, 2021, analyst The Bear Cave issued a report entitled, "Problems at Yalla Group," and Gotham City Research also tweeted that it was shorting Yalla ADS. On this news, the price of Yalla ADS fell an additional 6% to close at $15.96 on that day.

Then, on August 9, 2021, after the markets closed, Yalla issued a press release entitled, "Yalla Group Limited Announces Unaudited Second Quarter 2021 Financial Results," announcing its financial results for the second quarter of 2021 ("2Q21 Results"). The 2Q21 Results disclosed that Yalla had quarterly revenue of $66.62 million, which did not meet analysts' expectations. According to *The Motley Fool*, "[h]eading into Q2, Wall Street had forecast $0.17 per share in profit on sales of $68 million for Yalla. As it turned out, the company earned only $0.10 per share, and sales were $66.6 million." *Id.* at ¶49. On this news, the price of price of Yalla ADS fell nearly 19% on August 10, 2021, closing at $10.99.

As a result of defendants' wrongful acts and omissions, Mr. Monett and other class members have suffered substantial losses.

## III.   ARGUMENT

### A.   Mr. Monett Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal

4829-9728-7934.v1

Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on August 13, 2021. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel, Ex. A ("Rosenfeld Decl.").

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Mr. Monett meets these requirements and should be appointed Lead Plaintiff.

### 1.     Mr. Monett's Motion Is Timely

The August 13, 2021, statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff no later than 60 days after the date of the notice, *i.e.,* by October 12, 2021. *See* Rosenfeld Decl., Ex. A. Because Mr. Monett's motion has been filed by the statutory deadline, he is eligible for appointment as lead plaintiff.

- 3 -

4829-9728-7934.v1

### 2.    Mr. Monett Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by his Certification, Mr. Monett purchased 5,000 Yalla ADS during the Class Period and suffered approximately $30,247 in losses as a result of defendants' alleged violations of the 1934 Act.  *See* Rosenfeld Decl., Exs. B, C.  To the best of Mr. Monett's counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3.    Mr. Monett Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this early stage of litigation, only typicality and adequacy are pertinent.  *See Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (Engelmayer, J.).

"A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *Id.* (citation omitted).  "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'"  *Id.* (citation omitted).

Mr. Monett satisfies the typicality requirement as he seeks to represent a class of similarly situated purchasers of Yalla ADS and suffered a loss as a result of defendants' alleged misconduct. Indeed, like all other class members, Mr. Monett: (1) purchased Yalla ADS during the Class Period; (2) was adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby.  In other words, Mr. Monett's claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members. Consistent with the PSLRA, Mr. Monett's Certification sets forth his transactions in Yalla ADS during the

- 4 -

Class Period. Mr. Monett has not conflated his own financial interest with the Yalla transactions of any third-party entities in which Mr. Monett may have invested. As such, Mr. Monett has a significant direct interest in the outcome of this Action, ensuring he will vigorously represent the class.

Mr. Monett also satisfies the adequacy requirement. Mr. Monett is a sophisticated investor with approximately 30 years of investing experience and he is familiar with selecting and overseeing lawyers. *See* Rosenfeld Decl., Ex. D at ¶1. Mr. Monett is the managing partner of Crosswind Holdings, LLC, a closely-held company with real estate and other investment assets. *Id.* He is also a partner of a furniture exporter as well as a fast-food restaurant. *Id.* Previously, Mr. Monett was the President and founding Executive Director of Quality of Life Plus Program, as well as the President and founder of Monettech, L.C., a communications services company that provided voice and data wiring installation, telephone systems and solutions, and computer networking services. *Id.* Mr. Monett also has significant experience working for charitable entities. *Id.* Finally, as further detailed below and in his Declaration, Mr. Monett retained qualified and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class. *Id.* at ¶6.

Because Mr. Monett filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

4829-9728-7934.v1

**B.**      **The Court Should Approve Mr. Monett's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Monett has selected Robbins Geller to serve as lead counsel in this case.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Lopez*, 2015 WL 2431484, at *3 ("Having reviewed [Robbins Geller's] submissions as to its pertinent background and experience, including its experience litigating securities class actions, the Court finds that it is well qualified to serve as lead counsel."); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").

Notably, in 2020, Robbins Geller recovered more than $1.4 billion on behalf of investors as sole lead counsel in securities class action cases, including $1.02 billion in *Am. Realty* and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). And, in 2021, Robbins

---

[1]      For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

4829-9728-7934.v1

Geller, as sole lead counsel, has secured final approval of a \$1.21 billion recovery in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.).  Robbins Geller attorneys have obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

As such, Mr. Monett's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

Mr. Monett has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Mr. Monett respectfully requests that the Court grant his motion.

DATED:  October 12, 2021                    Respectfully submitted,

                                            ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                            SAMUEL H. RUDMAN
                                            DAVID A. ROSENFELD

---

[2]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) (\$7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) (\$600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) (\$1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) (\$925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) (\$445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) (\$671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4829-9728-7934.v1

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 8 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on October 12, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4829-9728-7934.v1

# Mailing Information for a Case 1:21-cv-06854-PAE Crass v. Yalla Group Limited et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com,ecf@zlk.com

- **Bo Bryan Jin**
  bryan.jin@stblaw.com,managingclerk@stblaw.com,5447222420@filings.docketbird.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Thomas Livezey Laughlin , IV**
  tlaughlin@scott-scott.com,rswartz@scott-scott.com,tsaviano@scott-scott.com,scott-scott@ecf.courtdrive.com,efile@scott-scott.com

- **George S Wang**
  gwang@stblaw.com,managingclerk@stblaw.com,2948074420@filings.docketbird.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)