UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY CRASS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>YALLA GROUP LIMITED and TAO YANG,<br><br>Defendants. | Case No.  1:21-cv-06854-PAE<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PEIFA XU AND YONGJUN LI FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ......................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

ARGUMENT................................................................................................................................4

      A.     XU AND LI SHOULD BE APPOINTED CO-LEAD PLAINTIFFS .....................4

           1.     Xu and Li Are Willing to Serve as Class Representatives..........................5

           2.     Xu and Li Have the "Largest Financial Interest".......................................5

           3.     Xu and Li Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure....................................................................6

           4.     Xu and Li Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses...................................10

      B.     CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED ..........................................................................................................10

CONCLUSION...........................................................................................................................11

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),
  2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018)..............................................................................7

*Barnet v. Elan Corp., PLC*,
  236 F.R.D. 158 (S.D.N.Y. 2005) .............................................................................................9

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
  141 F.R.D. 229 (S.D.N.Y. 1992) .............................................................................................7

*Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN),
  2018 WL 3093965 (S.D.N.Y. June 21, 2018) ..........................................................................6

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
  2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018)...........................................................................8

*Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A,
  1997 WL 118429 (M.D. Fla. Feb. 6, 1997) ..............................................................................7

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................8

*Gluck v. CellStar Corp.*,
  976 F. Supp. 542 (N.D. Tex. 1997) ..........................................................................................7

*In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK),
  2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) .......................................................................8, 9

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)..................................................................................................5, 9

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
  2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)..........................................................................5, 11

*In re Drexel Burnham Lambert Grp., Inc.*,
  960 F.2d 285 (2d Cir. 1992)......................................................................................................7

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ...............................................................................................10

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................................5, 7

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
   2008 WL 2811358 (S.D.N.Y. July 7, 2008) ...............................................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................................7

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) .............................................................................................7

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ...............................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ...........................................................................................10

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
   1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ..............................................................................5

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
   No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) ...............................................9

*Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN),
   2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017)..........................................................................6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) .............................................................................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)....................................................................................10

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731,
   2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) ...........................................................................9

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) .............................................................................................8

## Statutes

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................... *passim*

## Rules

Fed. R. Civ. P. 23.................................................................................................... *passim*

Movants Peifa Xu and Yongjun Li (together, "Xu and Li") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Xu and Li as Co-Lead Plaintiffs on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Yalla Group Limited ("Yalla" or the "Company") American Depository Shares ("ADSs") between September 30, 2020 and August 9, 2021, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaint in the above-captioned action (the "Action") alleges that Defendants defrauded investors in violation of the Exchange Act.  Yalla investors, including Xu and Li, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Yalla ADSs to fall sharply, damaging Xu and Li and other Yalla investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In connection with their purchases of Yalla ADSs during the Class Period, Xu and Li incurred losses of approximately $376,911.  *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A.  Accordingly, Xu and Li believe that they have the largest financial interest in the relief sought in the Action.

1

Beyond their considerable financial interest, Xu and Li also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Action on behalf of the Class, Xu and Li have selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Xu and Li respectfully request that the Court enter an order appointing them as Co-Lead Plaintiffs for the Class and approving their selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Yalla is a holding company under the laws of the Cayman Islands and is headquartered in the United Arab Emirates.  Yalla's common stock trades on the New York Stock Exchange under the symbol "YALA."

Yalla is a voice-centric social networking and entertainment platform that operates mainly in the Middle East and Northern Africa region.

Yalla held its U.S. initial public offering ("IPO") on or about September 29, 2020.  The IPO consisted of an offering of 18.6 million ADS, each representing one Class A ordinary share, at $7.50 per ADS.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business and financial metrics.  Specifically, Defendants made false and/or misleading statements regarding, and/or failed to disclose that the Company overstated its

2

user metrics and revenue and, as a result, the Company's public statements were materially false and misleading at all relevant times.

On May 19, 2021, Swan Street Research published a report (the "Swan Street Report") addressing Yalla, entitled "Is Yalla Group a Multi $B Fraud? The 'Clubhouse of the Middle East' UAE Tech Unicorn that Never Was."  The Swan Street Report alleged, among other things, that the Company has been inflating its financial metrics, including its user data and its revenue, and characterized Yalla's financial statements as "not credible."

On this news, the price of Yalla ADS fell $1.31 per share, or 7.15%, to close at $17.01 per ADS on May 19, 2021.

The next day, May 20, 2021, analyst The Bear Cave issued a report entitled, "Problems at Yalla Group," and Gotham City Research also tweeted that it was shorting Yalla ADS.

On this news, the price of Yalla ADS fell an additional 6% on May 20 to close at $15.96.

Then, on August 9, 2021, after the markets closed, Yalla issued a press release entitled, "Yalla Group Limited Announces Unaudited Second Quarter 2021 Financial Results," announcing its financial results for the second quarter of 2021 ("2Q21 Results").

The 2Q21 Results disclosed that Yalla had quarterly revenue of $66.62 million, which did not meet analysts' expectations.

On this news, the price of Yalla ADS fell nearly 18.9% on August 10, 2021, closing at $10.99, down from its previous close price of $13.55.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.    XU AND LI SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Xu and Li should be appointed Co-Lead Plaintiffs because they have the largest financial interest in the Action to their knowledge and otherwise meet the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Xu and Li satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

4

### 1.    Xu and Li Are Willing to Serve as Class Representatives

On August 13, 2021, counsel for the plaintiff in the Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants, and advised investors in Yalla ADSs that they had until October 12, 2021—*i.e.*, 60 days from the date of the Notice—to file a motion to be appointed as Lead Plaintiff.  *See* Lieberman Decl., Ex. B.

Xu and Li have filed the instant motion pursuant to the Notice and have submitted signed Certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Xu and Li satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

### 2.    Xu and Li Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of their knowledge, Xu and Li have the largest financial interest of any Yalla investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied

---

[1] *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

by courts in this judicial district. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Xu and Li: (1) purchased 63,080 Yalla ADSs; (2) expended $1,376,924 on their purchases of Yalla ADSs; (3) retained 40,001 of their Yalla ADSs; and (4) as a result of the disclosures of the fraud, suffered a loss of $376,911 in connection with their Class Period purchases of Yalla ADSs. *See* Lieberman Decl., Ex. A. Because Xu and Li possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.     Xu and Li Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.

Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23". *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

The claims of Xu and Li are typical of those of the Class. Xu and Li allege, as do all Class members, that Defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or

omitting to state material facts necessary to make the statements they did make not misleading. Xu and Li, as did all Class members, purchased Yalla ADSs during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

Xu and Li are adequate representatives for the Class. There is no antagonism between the interests of Xu and Li and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Moreover, Xu and Li have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz, Xu and Li are also represented by the Chinese law firm the Hao Law Firm in this litigation.

Moreover, Xu and Li constitute an appropriate group of the type routinely appointed to serve as Co-Lead Plaintiffs. *See, e.g.*, *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs

8

is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiffs); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d. Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff." (citation omitted)).

Xu and Li likewise have demonstrated their adequacy because they are a small and cohesive group of two investors who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D. Xu and Li have also participated in phone calls with a Pomerantz attorney to discuss the responsibilities of Lead Plaintiffs. Courts routinely appoint more than one investor as Lead Plaintiffs under such circumstances. *See, e.g.*, *Blue Apron*, 2017 WL 6403513, at \*4 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731, 2014 WL 1395059, at \*7-\*9, \*12 (E.D. Pa. Apr. 10, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at \*3 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

9

> **4.      Xu and Li Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses**

The presumption in favor of appointing Xu and Li as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)     will not fairly and adequately protect the interests of the class; or
>
> (bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Xu and Li to fairly and adequately represent the Class has been discussed above.  Xu and Li are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class.  Accordingly, Xu and Li should be appointed Co-Lead Plaintiffs for the Class.

**B.      CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Xu and Li have selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully

prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See* Lieberman Decl., Ex. E. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat investors that it has reached a $110 million settlement with the company. *See id.* As a result of Pomerantz's extensive experience in securities litigation and class actions involving issues similar to those raised in the Action, Pomerantz has the skill and knowledge necessary to enable the effective and expeditious prosecution of the Action. Thus, the Court may be assured that by approving the selection of Lead Counsel by Xu and Li, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Xu and Li respectfully request that the Court issue an Order: (1) appointing Xu and Li as Co-Lead Plaintiffs for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated: October 12, 2021

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

11

jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Xu and Li and Proposed Lead
Counsel for the Class*

12