UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY CRASS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>YALLA GROUP LIMITED and TAO YANG,<br><br>Defendants. | Case No.  1:21-cv-06854-PAE<br><br>MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF PEIFA XU AND YONGJUN LI FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...........................................................................................................................3

      A.     XU AND LI SHOULD BE APPOINTED CO-LEAD PLAINTIFFS ....................3

           1.     Xu and Li Have the "Largest Financial Interest".......................................3

           2.     Xu and Li Otherwise Satisfy the Requirements of Rule 23 ........................4

           3.     Xu and Li Are an Appropriate Group .........................................................5

      B.     CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE
            APPROVED ............................................................................................................7

CONCLUSION.........................................................................................................................8

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, 17-CV-10085,
 2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018)....................................................2, 3, 4

*Barnet v. Elan Corp., PLC*,
 236 F.R.D. 158 (S.D.N.Y. 2005) ...........................................................................................5

*Brady v. Top Ships Inc.*, No. 17-CV-4987 (JFB) (SIL),
 2018 U.S. Dist. LEXIS 121765 (E.D.N.Y. July 20, 2018)......................................................6

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018)...................................................2, 3

*China Agritech, Inc. v. Resh*,
 138 S. Ct. 1800 (2018)........................................................................................................2, 5

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018)..........................................................................5

*Foley v. Transocean Ltd.*,
 272 F.R.D. 126 (S.D.N.Y. 2011) .......................................................................................3, 5

*In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK),
 2017 U.S. Dist. LEXIS 207531 (E.D.N.Y. Dec. 15, 2017) .............................................2, 5, 6

*In re Cendant Corp. Litig.*,
 264 F.3d 266 (3d Cir. 2001)....................................................................................................5

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825,
 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)............................................................................4

*In re Molson Coors Brewing Co. Sec. Litig.*,
 233 F.R.D. 147 (D. Del. 2005) ...............................................................................................7

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ...........................................................................4

*In re Vicuron Pharms., Inc. Sec. Litig.*,
 225 F.R.D. 421 (E.D. Pa. 2005)..............................................................................................4

*Janbay v. Canadian Solar, Inc.*,
 272 F.R.D. 113 (S.D.N.Y. 2010) ............................................................................................4

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ........................................................................................3, 4

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ..........................................................................................7

*La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-cv-289,
    2012 U.S. Dist. LEXIS 89192 (D. Vt. Apr. 27, 2012)..........................................................6

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN),
    2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017) ...................................................3

*Takara Trust v. Molex, Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005)............................................................................................4

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)...................................................................................7

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ..........................................................................................5

*West Palm Beach Police Pension Fund v. DFC Global Corp.*, No. 13-6731,
    2014 U.S. Dist. LEXIS 49595 (E.D. Pa. Apr. 9, 2014) ........................................................6

## Statutes

15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) ........................................................................................3

15 U.S.C. § 78u-4(a)(3)(B) ..............................................................................................3, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ......................................................................................1, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)........................................................................................7

PSLRA ........................................................................................................................... *passim*

## Rules

Fed. R. Civ. P. 23............................................................................................................ *passim*

Movants Peifa Xu and Yongjun Li[1] (together, "Xu and Li") respectfully submit this Memorandum of Law in further support of their motion for appointment as Co-Lead Plaintiffs on approval of their selection of Pomerantz as Lead Counsel (Dkt. No. 27); and in opposition to the competing motions of Gang Wang ("Wang") (Dkt. No. 16) and Simon Zhu ("Zhu") (Dkt. No. 19).[2]

## PRELIMINARY STATEMENT

This is a class action securities fraud lawsuit against Yalla and certain of the Company's officers. As with all federal class action securities fraud lawsuits, a Lead Plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action; **and** who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, those movants are Xu and Li, a cohesive group consisting of two investors who together suffered $376,911 in losses in connection with their purchases of Yalla securities as a result of the alleged fraud at issue in the Action, a greater financial interest in this litigation than any competing movant. The table below sets forth the losses of Xu and Li compared to those of other movants:

| Movant(s) | Loss |
|---|---|
| Xu and Li | $376,911 |
| *Li* | *$198,657* |
| *Xu* | *$178,253* |
| Wang | $109,801 |
| Zhu | $37,965.39 |

[1] All capitalized terms herein are defined in Xu and Li's moving brief, unless otherwise indicated. *See* Dkt. No. 29.

[2] Initially two other movants or movant groups also filed competing motions: (i) Steve Hu and Yechen Dong ("Hu and Dong") (Dkt. No. 13) and (ii) Scott A. Monett ("Monett") (Dkt. No. 21). Hu and Dong subsequently filed a notice of non-opposition, acknowledging that they did not appear to have alleged the largest financial interest in this litigation within the meaning of the PSRLA (Dkt. No. 33), and Monett subsequently filed a notice of withdrawal of his motion. *See* Dkt. No. 34.

Xu and Li's loss is significantly larger than that of any competing movant. The movant with the next largest loss, Wang, incurred a loss of only $109,801—more than $267,000 less than Xu and Li. Moreover, both Xu and Li individually incurred larger losses than any competing movant. As such, Xu and Li have the greatest financial interest of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff. *See*, *e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss).

In addition to their significant financial interest, Xu and Li also satisfy the adequacy and typicality requirements of Rule 23. Xu and Li, like all members of the Class, purchased Yalla securities at prices artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23. *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018).

Moreover, Xu and Li comprise a small and cohesive partnership of investors who have further demonstrated their adequacy by the submission of a Joint Declaration contemporaneously with their motion, attesting to, *inter alia*, their shared understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA and their preparedness to coordinate their efforts to prosecute this action diligently on behalf of the Class. *See* Dkt. No. 30-4. In *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018), the Supreme Court recently affirmed the propriety of appointing such groups as lead plaintiff, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups". *See also In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-

2

4846 (WFK) (PK), 2017 U.S. Dist. LEXIS 207531, at *13 (E.D.N.Y. Dec. 15, 2017) (affirming adequacy of group of four investors to serve as Lead Plaintiff under similar circumstances).

For the reasons set forth herein, Xu and Li respectfully submit that their motion should be granted in its entirety, and that the competing motions should be denied.

## ARGUMENT

### A.    XU AND LI SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest must "make a *prima facie* showing that they meet [the requirements of] Rule 23".  *Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).  Once this presumption is triggered, it may be rebutted upon proof that the presumptive lead plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) (emphasis added).  Here, the most adequate class representatives are Xu and Li.

### 1.    Xu and Li Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this Judicial District, the Second Circuit, and around the country recognize that the amount of financial loss is the most significant factor to be considered.  *See*, *e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) (equating financial interest with economic loss); *Chahal*, 2018 U.S. Dist. LEXIS 104185, at *12 (same); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-

3

06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017) (same); *In re Comverse Tech., Inc. Sec. Litig.,* No. 06-CV-1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

As the chart at p. 1 illustrates, Xu and Li suffered a loss of nearly $377,000 in connection with their Class Period purchases of Yalla securities.  Wang, the movant with the next largest loss, incurred a loss more than $267,000 smaller than that of Xu and Li.  Even considered individually, both Xu and Li incurred larger losses than any of the competing movants.  Accordingly, no movant seeking appointment as lead plaintiff in the Action has alleged a larger financial interest in the litigation than Xu and Li.

### 2.    Xu and Li Otherwise Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Xu and Li have also made the requisite *prima facie* showings that they satisfy the typicality and adequacy requirements of Rule 23.  *Aude*, 2018 WL 1634872, at *3; *Kaplan*, 240 F.R.D. at 94.

First, Xu and Li's claims satisfy the typicality requirement of Rule 23(a)(3) because their claims in the Action are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010).  Second, Xu and Li satisfy the adequacy requirement of Rule 23(a)(4) because

they have a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, are aware of no conflict between their interests and those of the putative Class, and, as discussed in greater detail below, they have selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *Foley*, 272 F.R.D. at 131; *Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018). Xu and Li have further demonstrated their adequacy by submission of a Joint Declaration attesting to, *inter alia*, their respective backgrounds and investment experience; their understanding of the posture of this litigation; their understanding of the significance of their motion; their understanding of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA; and their readiness to undertake those responsibilities on behalf of the Class. *See generally* Dkt. No. 30-4.

### 3. Xu and Li Are an Appropriate Group

Xu and Li are an appropriate group, and as such the Court should consider their aggregate financial interest in this litigation in determining the most adequate plaintiff for the Class. *See*, *e.g.*, *China Agritech*, 138 S. Ct. at 1807 n.3 ("District courts often permit aggregation of plaintiffs into plaintiff groups"); *Blue Apron*, 2017 U.S. Dist. LEXIS 207531, at *13; *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 266 (3d Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted).

5

Here, Xu and Li comprise a small, cohesive partnership of two investors, each of whom incurred significant losses in connection with their purchases of Yalla securities. *See* Dkt. No. 30-1. Contemporaneously with their motion, Xu and Li submitted a Joint Declaration attesting to, *inter alia*, their respective backgrounds and investment experience, their awareness of the posture of this litigation generally and of the significance of their motion specifically, their understanding of the responsibilities of lead plaintiffs, and their reasons for seeking appointment jointly as Co-Lead Plaintiffs in this Action. *See generally* Dkt. No. 30-4. Courts routinely appoint investor groups as lead plaintiff under such circumstances. *See, e.g.*, *Blue Apron*, 2017 U.S. Dist. LEXIS, at *17 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *Brady v. Top Ships Inc.*, No. 17-CV-4987 (JFB) (SIL), 2018 U.S. Dist. LEXIS 121765, at *20 (E.D.N.Y. July 20, 2018) (appointing group of three investors as lead plaintiff, finding the group "sufficiently demonstrated its members' plans for cooperation and involvement in the litigation for the Court to find this group will best serve the class."); *West Palm Beach Police Pension Fund v. DFC Global Corp.*, No. 13-6731, 2014 U.S. Dist. LEXIS 49595, at *7 (E.D. Pa. Apr. 9, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-cv-289, 2012 U.S. Dist. LEXIS 89192, at *11 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

* * * *

Because Xu and Li have the largest financial interest in the relief sought by the Class and otherwise satisfy Rule 23, they are the presumptive "most adequate plaintiffs" of the Class within

the meaning of the PSLRA.  To overcome the strong presumption entitling Xu and Li to appointment as Lead Plaintiffs, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiffs are inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

### B.   CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Xu and Li have selected Pomerantz as Lead Counsel for the Class.  As its resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  In 2018 alone, Pomerantz secured a settlement of nearly $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.–Petrobras—the largest securities class action settlement in a decade—and an $80 million settlement on behalf of Yahoo Inc. investors. *See* Dkt. No. 30-5.  More recently, Pomerantz, as Co-Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, reached a $110 million settlement with the company.  *Id.* Thus, the Court may be assured that by approving the selection of counsel by Xu and Li, the members of the class will receive the best legal representation available.

7

## CONCLUSION

For the foregoing reasons, Xu and Li respectfully request that the Court issue an Order: (1)

appointing Xu and Li as Co-Lead Plaintiffs for the Class; and (2) approving Pomerantz as Lead

Counsel for the Class.

Dated:  October 27, 2021                          Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Peifa Xu and Yongjun Li and*
*Proposed Lead Counsel for the Class*

8