

**Jeremy A. Lieberman**
Managing Partner

November 3, 2021

**VIA ECF**
Hon. Paul A. Engelmayer, U.S.D.J.
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

      RE: *Crass v. Yalla Group Limited et al.*, 1:21-cv-06854-PAE

Dear Judge Engelmayer:

Pomerantz LLP is counsel to Peifa Xu and Yongjun Li (together, "Xu and Li"), movants for appointment as Lead Plaintiffs in the above-referenced action (the "Action"). Xu and Li respectfully request leave to file a reply (the "Reply") in order to address certain points raised by competing movant Gang Wang ("Wang") for the first time in his memorandum of law in opposition to Xu and Li's motion for appointment as Lead Plaintiff (the "Opposition") (Dkt. No. 37). Xu and Li's proposed Reply is submitted herewith as Exhibit A.

Wang's Opposition argues, *inter alia*, that the Court should deny Xu and Li's motion for two reasons:

First, Wang notes that Xu and Li's Certifications (Dkt. No. 30-3) were executed outside of the United States but lack the attestation that they were sworn under penalty of perjury "under the laws of the United States of America" pursuant to 28 U.S.C. § 1746(1). Wang mischaracterizes this as a fatal defect that mandates denial of Xu and Li's motion. Dkt. No. 37 at 6-7. Yet as discussed in Xu and Li's Reply, courts routinely find that "minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement" and do not merit denial of motions by otherwise qualified movants. *Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247, at *34 (D. Idaho Feb. 24, 2011). Nonetheless, Xu and Li have appended to the Reply corrected Certifications that include the initially omitted language, thereby curing any defect. *See* Ex. 1 to Reply.

Second, Wang argues that Xu and Li are disqualified because "Xu engaged in extensive and unique options trading" which "weigh[s] against his adequacy and typicality." Dkt. No. 37 at 12. Wang mischaracterizes Xu's sale of call options as "short sales," incorrectly claiming that in selling call options, Xu "bet that the price of . . . Yalla stock would fall[.]" *Id.* Again, Wang is wrong. Courts routinely appoint options investors as lead plaintiffs in securities class actions, finding them to be adequate and typical within the meaning of Rule 23. *See, e.g., Goldstein v.*

jalieberman@pomlaw.com

600 Third Avenue, New York, New York 10016   main: 212.661.1100   direct: 646.581.9971   www.pomlaw.com

NEW YORK    CHICAGO    LOS ANGELES    PARIS



Hon. Paul A. Engelmayer, U.S.D.J.
November 3, 2021
Page 2

*Puda Coal*, 827 F. Supp. 348, 356 (S.D.N.Y. 2011); *Flora v. Hain Celestial Grp., Inc.*, 2017 U.S. Dist. LEXIS 85517, at *6-*7 (E.D.N.Y. June 5, 2017). Nor was Xu betting that Yalla stock would fall when he sold call options. Rather, Xu was merely investing in the expectation that Yalla stock would not rise past a certain price threshold, employing a common strategy to hedge against investment losses.

   For these reasons, we respectfully request that the Court grant Xu and Li leave to file the Reply.

           Respectfully submitted,

           Jeremy A. Lieberman

Enclosures:

   Exhibit A: Xu and Li's [Proposed] Reply Memorandum of Law in Further Support of Motion for Appointment as Co-Lead Plaintiffs and Approval of Lead Counsel (with Exhibit).

cc:  All counsel of record (via ECF)

600 Third Avenue, New York, New York 10016 tel: 212.661.1100 www.pomerantzlaw.com

NEW YORK  CHICAGO  LOS ANGELES  PARIS