# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY CRASS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> YALLA GROUP LIMITED and TAO YANG, <br><br> Defendants. | Case No.  1:21-cv-06854-PAE <br><br> REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF PEIFA XU AND YONGJUN LI FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL |

Movants Xu and Li[1] respectfully submit this Reply Memorandum of Law in further support of their motion for appointment as Co-Lead Plaintiffs and approval of their selection of Pomerantz as Lead Counsel (Dkt. No. 27).

## PRELIMINARY STATEMENT

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). This presumption can *only* be rebutted by *proof* that the movant with the largest financial interest is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Mere speculation or innuendo is insufficient to rebut this presumption. *See*, *e.g.*, *Foley v. Transocean, Ltd.*, 272 F.R.D. 126, 131-33 (S.D.N.Y. 2011) (finding that the presumption "may only be rebutted upon 'proof'" of inadequacy or atypicality and rejecting challenge founded on speculation).

Here, Xu and Li are clearly the movants with the largest financial interest in the relief sought by the class in this litigation, having together incurred losses of approximately $376,911 as a result of the Defendants' alleged fraud—a fact that no movant has disputed. Recognizing as much, three of the four competing movants have since abandoned their motions. Only one competing movant—Wang, whose investment loss of $109,801 is less than one-third the size of the loss incurred by Xu and Li—continues to contest Xu and Li's appointment, resorting to meritless arguments against their adequacy and typicality.

*First*, Wang argues that Xu and Li are inadequate because their Certifications, which were executed outside of the United States, and which expressly attest that they were executed under

---

[1] All capitalized terms herein are defined in Xu and Li's moving or opposition briefs, unless otherwise indicated. *See* Dkt. Nos. 29, 36.

penalty of perjury, lack language pursuant to 28 U.S.C. § 1746(1) specifying that they were made under penalty of perjury "***under the laws of the United States of America***" (emphasis added). Dkt. No. 37 at 6-7.  Yet courts generally find that such "minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement" and do not deny lead plaintiff motions on such a basis.  *Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247, at \*34 (D. Idaho Feb. 24, 2011).  *See also Bhojwani v. Pistiolis*, Nos. 06 Civ. 13761 (CM) (KNF) *et al.*, 2007 U.S. Dist. LEXIS 52139, at \*27 (S.D.N.Y. June 26, 2007) ("the adequacy of the certificat[ion] should not be the determinative factor in selecting the lead plaintiff") (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Labranche & Co., Inc.*, 229 F.R.D. 395, 407 (S.D.N.Y. 2004)).  Moreover, upon discovery of the error, Xu and Li both promptly executed and submitted new Certifications containing the requisite statutory language (appended hereto collectively as Exhibit 1).

**Second**, Wang argues that Xu and Li are disqualified because Xu's options transactions render him atypical and inadequate.  *See* Dkt. No. 37 at 12.  Wang incorrectly claims that Xu sold Yalla stock short because he sold call options, transactions that Wang mischaracterizes as placing "bet[s] that the price of . . . Yalla stock would fall[.]"  *Id.*  Yet courts in fact routinely appoint options investors as lead plaintiffs in PSLRA actions, finding them to be typical and adequate under Rule 23.  *See*, *e.g.*, *Goldstein v. Puda Coal*, 827 F. Supp. 348, 356 (S.D.N.Y. 2011); *Flora v. Hain Celestial Grp., Inc.*, 2017 U.S. Dist. LEXIS 85517, at \*6-\*7 (E.D.N.Y. June 5, 2017).  Nor did Xu's sales of call options constitute bets against Yalla stock.  Rather, Xu was merely investing the expectation that Yalla stock's price would not rise past a certain threshold, thereby employing a common strategy to hedge against investment losses.

For the reasons set forth herein, Xu and Li respectfully submit that their motion should be granted in its entirety.

## ARGUMENT

### A.    Xu and Li's Certifications Are Not Defective

Wang argues that the absence of the language "under the laws of the United States" from Xu and Li's certifications disqualifies Xu and Li, because they executed their certifications outside of the United States—in Canada and China, respectively—and thus were required to specify that their declarations were made under penalty of perjury "under the laws of the United States". Dkt. No. 37 at 6-7.

As an initial matter, the PSLRA contains no requirement that a movant for appointment as Lead Plaintiff submit any Certification whatsoever, let alone imposes any requirements for a Lead Plaintiff Certification.  The PSLRA clearly states, under the heading "Certification filed with *complaint*", that "[e]ach *plaintiff* seeking to serve as a representative party . . . shall provide a signed certification . . ." 15 U.S.C. § 78u-4(a)(1)(2)(A) (emphases added).  Because Xu and Li were not plaintiffs who filed complaints, they were under no obligation to file any Certification, and the PSLRA thus does not impose any requirements applicable to the Certifications that Xu and Li opted to file.

Even assuming *arguendo* that the PSLRA did require Xu and Li to submit Certifications, the supposed defect cited by Wang has no bearing on Xu and Li's adequacy.  The absence of the "under the laws of the United States" language in Xu and Li's attestations that their Certifications were made under the penalty of perjury is hardly the disqualifying omission that Wang incorrectly claims.  Courts generally do not consider such minor errors to be evidence of a lead plaintiff movant's inadequacy.  *See*, *e.g.*, *Niederklein*, 2011 U.S. Dist. LEXIS 18247, at *34 ("minor or

3

inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement"); *Bhojwani*, 2007 U.S. Dist. LEXIS 52139, at \*27 ("the adequacy of the certificat[ion] should not be the determinative factor in selecting the lead plaintiff") (citing *Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 407); *Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWx), 2011 U.S. Dist. LEXIS 79795, at \*44 (C.D. Cal. Mar. 15, 2011) (same).

In ostensible support of his argument, Wang cites only two inapposite cases. *Sterling Fifth Assocs. v. Carpentile Corp.*, 03 Civ. 6568 (HB), 2003 U.S. Dist. LEXIS 16922 (S.D.N.Y. Sept. 25, 2003) is not even a PSLRA case. Rather, *Carpentile* involved a motion to remand in a case involving alleged breach of fiduciary and contractual duties, *id.* at \*2, and the court considered the specific language in a litigant's declaration as one factor among others in assessing the litigant's principal pace of business. *Id.* at \*16-\*17. *Carpentile* thus offers no guidance whatsoever as to whether the specific language of a lead plaintiff movant's PSLRA Certification has any bearing on the movant's adequacy.

The only other authority—and the only PSLRA case—that Wang cites in support of his argument, *Nasin v. Hongli Clean Energy Techs. Corp.*, No. 2:17-3244 (WJM), 2017 U.S. Dist. LEXIS 192673 (D.N.J. Nov. 21, 2017), is equally inapposite. There, the issue was **not** that movants located outside of the United States submitted Certifications that attested to having been made under penalty of perjury without specifying "under the laws of the United States." Rather, the movants in *Nasin* submitted Certifications that lacked **any** attestation to having been made under penalty of perjury, merely stating that the statements therein "are, to the best of my knowledge, true and correct statements." See *Nasin v. Hongli Clean Energy Techs. Corp.*, 2:17-cv-03244 (D.N.J.), Dkt. Nos. 7-3 at \*1; 7-4 at \*1. Here, by contrast, Xu and Li's Certifications both unequivocally stated: "I declare **under penalty of perjury** that the foregoing is true and

4

correct."  Dkt. Nos. 30-3 at *3, *7 (emphasis added).

Nevertheless, in the interest of avoiding any doubt, upon discovery of the omitted language, Xu and Li promptly executed revised Certifications containing the language "under the laws of the United States" pursuant to 28 U.S.C. § 1746(1).  *See* Exhibit 1 hereto.

**B.**　　**Xu's Options Transactions Are Not Disqualifying**

Wang further argues that Xu and Li are disqualified because "Xu engaged in extensive and unique options trading" which "weigh[s] against his adequacy and typicality."  Dkt. No. 37 at 12. Wang mischaracterizes Xu's sale of call options as "short sales," incorrectly claiming that in selling call options, Xu "bet that the price of . . . Yalla stock would fall[.]"  *Id.*

Again, Wang is wrong.  Courts in this Judicial District, the Second Circuit and throughout the country in fact routinely appoint options investors to lead PSLRA actions.  *See*, *e.g.*, *Puda Coal*, 827 F. Supp. at 356 ("investors who traded in options can be appointed lead plaintiff when the focus of the typicality analysis is, as here, 'whether the same or similar injuries arose out of or were caused by Defendants' alleged wrongful course of conduct.' (quoting *In re Oxford Health Plans, Inc. Sec. Litig.*, 199 F.R.D. 119, 123-24 (S.D.N.Y. 2001)); *Hain Celestial*, 2017 U.S. Dist. LEXIS 85517, at *6-*7 (noting "the fact that [co-lead plaintiff] only purchased options during the class period does not rebut the presumption in its favor"); *Hall v. Medicis Pharm. Corp.*, Nos. CV-08-1821-PHX-GM *et al.*, 2009 U.S. Dist. LEXIS 24093, at *13 (appointing options investor as lead plaintiff, "being reluctant to disqualify [movant] simply because he trades in options") (collecting cases); *In re Scientific-Atlanta, Inc. Secs. Litig.*, 571 F. Supp. 2d 1315, 1330 (N.D. Ga. 2007) (finding options investor typical, having purchased in reliance "on the integrity of the price of the underlying stock", and appointing options investor lead plaintiff).  *See also In re CTI BioPharma Corp. Secs. Litig.*, 2016 U.S. Dist. LEXIS 119301, at *12 (W.D. Wash. 2016)

5

(acknowledging that "courts 'often appoint purchasers of one type of securities to represent purchasers of other types of securities of the same issuer where the interests of those purchasers are aligned[,]'" (quoting *In re Juniper Networks, Inc. Sec. Litig.*, 264 F.R.D. 584, 594 (N.D. Cal. 2009)).

Here, Wang's argument rests in part upon a significant mischaracterization of Xu's class period options transactions. Wang argues that in selling call options, Xu was selling short Yalla stock, or "bet[ting] that the price of . . . Yalla stock would fall[.]" Dkt. No. 37 at 12. Yet Wang is demonstrably incorrect. Neither Xu's sales of call options nor his sales of put options constituted short positions with respect to Yalla stock. Rather, as explained below, Xu in each instance took a long position with respect to Yalla stock—*i.e.*, he invested in the expectation that Yalla's stock price would rise, not fall.

Xu's purchases of call options were not bets against Yalla. A call option is a contract conveying the right to buy stock at a certain price (the "strike price") within a certain period of time. By selling Yalla call options, Xu entered into agreements whereby, in exchange for collecting a premium, Xu would obligated to sell Yalla stock—which shares Xu owned—to a counterparty at the contractual strike price—$20.00 or $22.50 per share, variously, in Xu's case. Xu, then, was not wagering that Yalla's stock price would fall. Rather, he was merely wagering that it would not climb higher than the strike price within the contractual time period. Crucially, as the owner of the Yalla shares that were the subject of the call options, Xu would ***not*** have had to purchase Yalla shares in the market to satisfy his obligations under the call option contract, in which case Xu likely would have had to purchase Yalla shares at prices higher than the strike price, only to sell those shares at the strike price for a loss. Rather, Xu would have simply sold the Yalla shares that he already possessed—potentially making less money than he might have otherwise

6

made, but not losing money on his investment.  Nor is there any scenario in which Xu would have profited on his call option contracts if Yalla's stock price were to fall.  Again, as a holder of Yalla stock, Xu would have lost money on his investments in such circumstances.

Nor did Xu's sales of put options constitute short positions.  A put option is a contract conveying the right to sell a given stock at a strike price within a certain period of time.  By selling put options at various strike prices—variously ranging from $12.50 to $25.00 per share—Xu thus assumed the obligation to buy shares of Yalla stock from his contractual counterparties.  Here, again, Xu was **not** betting against Yalla.  Had Yalla's stock price fallen, Xu would have been forced to buy Yalla stock as its value was declining, a money-losing proposition.  By selling put options, Xu thus did so in the expectation that the value of Yalla stock would not significantly fall.

In sum, none of Xu's options investments represented bets against the Company, as Wang has erroneously argued, and in no way render Xu inadequate or atypical of the Class.

## CONCLUSION

For the foregoing reasons, Xu and Li respectfully request that the Court issue an Order: (1) appointing Xu and Li as Co-Lead Plaintiffs for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  November 3, 2021                    Respectfully submitted,

                                            POMERANTZ LLP

                                            /s/ Jeremy A. Lieberman
                                            Jeremy A. Lieberman
                                            J. Alexander Hood II
                                            Thomas H. Przybylowski
                                            600 Third Avenue
                                            New York, New York 10016
                                            Telephone: (212) 661-1100
                                            Facsimile: (212) 661-8665
                                            jalieberman@pomlaw.com
                                            ahood@pomlaw.com

tprzybylowski@pomlaw.com

*Counsel for Peifa Xu and Yongjun Li and Proposed Lead Counsel for the Class*